**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Federico Andrade, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No.: 1:17-cv-8103 |
| | ) | |
| Hardscape Group, Inc, | ) | |
| d/b/a Hardscape Group Landscaping and | ) | |
| Jose C. Garcia | ) | |
| Defendants. | ) | |

**<u>COMPLAINT</u>**

NOW COMES Plaintiff Federico Andrade ("Federico"), by and through his attorneys, and for his Complaint against Hardscape Group, Inc. d/b/a Hardscape Group Landscaping, ("Hardscape") and Jose C. Garcia (collectively "Defendants") states as follows:

**<u>Parties</u>**

1.      Plaintiff is a resident of Illinois and worked as a laborer in Illinois.

2.      During the course of his employment with Defendants, Plaintiff handled goods that moved in interstate commerce.

3.      Defendant Hardscape Group, Inc. ("Hardscape") is an Illinois entity operating out of 1120 W. Wheeler Rd., Plainfield, Illinois 60511.

4.      Defendant is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

5.      Jose C. Garcia is the owner and president of Hardscape Group, Inc. and oversaw the policies and practices described herein.

6.      Hardscape is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203 (s)(1)(A) of the FLSA. 29 U.S.C. §203(s)(1)(A).

7.    During the last three years, Hardscape's annual gross volume of sales made or business done has each exceeded $500,000, exclusive of excise taxes.

8.    Defendant Hardscape was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

9.    Defendant Hardscape was Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

10.    Plaintiff was Hardscape's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

11.    Plaintiff was Hardscape's "employee" as defined by the IMWL. 820 I05/3(d).

## Jurisdiction and Venue

12.    Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337, by 29 U.S.C. § 216(b), and by 28 U.S.C. § 1367.

13.    Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

## Factual Allegations

14.    Plaintiff worked for Hardscape within the past three years as a laborer.

15.    Plaintiff was purportedly paid $200 per day of work

16.    Plaintiff worked approximately 60-65 hours per work week.

17.    Plaintiff performed his job responsibilities for Defendants in the State of Illinois.

18.    Plaintiff was not paid one and one-half times his regular rate of pay for all hours worked over 40 in a work week as the Department of Labor and the law requires.

19.    Plaintiff was not exempt from the overtime provisions of the FLSA.

20.     Defendants managed Plaintiff's work, including the amount of overtime required to be worked, and also dictated, controlled, and ratified the compensation and all related employment policies of Hardscape.

## COUNT I- FAIR LABOR STANDARDS ACT
### (29 U.S.C. §207)

21.     The Plaintiff re-alleges and incorporates paragraphs 1 through 20, as if fully set forth herein.

22.     At all relevant times, Hardscape employed and/or continued to employ Plaintiff within the meaning of the FLSA.

23.     Defendants have a policy and practice of not paying the proper overtime rate for work performed over forty hours in a work week.

24.     Under the FLSA, Plaintiff was entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each work week.

25.     The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all non-discretionary compensation paid to employees.

26.     Defendants failed to compensate Plaintiff at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA

27.     Upon information and belief, Defendants' practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor and therefore were willful and deliberate.

28.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

29.     Due to Defendants violations of the FLSA, Plaintiff alleges he has suffered damages and are entitled to recover damages from Defendants.

WHEREFORE, the Plaintiff requests the following relief:

a)      A declaratory judgment that Defendants violated the minimum wage provisions of the FLSA as to the Plaintiff;

b)      A declaratory judgment that Defendants' violations were willful;

c)      A judgment of unpaid overtime compensation;

b)      A judgement of an additional equal amount as liquidated damages;

c)      Prejudgment interest; and

d)      Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II - ILLINOIS MINIMUM WAGE LAW– OVERTIME
(820 ILCS 105)

30.      Plaintiff hereby alleges and incorporates Paragraph 1 through 29 of this Complaint, as is fully set forth herein.

31.      This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

32.      Under the IMWL, Defendants were and remain obligated to compensate Plaintiff for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

33.      Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times normal rate for such overtime work.

34.      By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times normal rate to be paid.

35. As a result of Defendants' policy and practice of withholding overtime compensation, Plaintiff has been damaged in that he has not received wages due to him pursuant to the IMWL.

WHEREFORE, Plaintiff prays for the following relief:

a) A declaratory judgment that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff;

b) A declaratory judgment that Defendants' violations of the IMWL were willful;

c) A judgment to Plaintiff in the amount of unpaid wages;

d) A judgment to Plaintiff of punitive damages, including statutory interest of 2% per month, as provided by IMWL;

e) A judgment to Plaintiff of reasonable attorney's fees and costs incurred in filing this action; and

f) Such other and further relief as this Court deems appropriate and just.

## COUNT III- ILLINOIS WAGE PAYMENT AND COLLECTIONS ACT
### (820 ILCS 115)

36. Plaintiff hereby alleges and incorporates Paragraph 1 through 35 of this Complaint, as is fully set forth herein.

37. Plaintiff has not been paid wages for pay dates of 5/26/17 and 6/9/17, the amounts due for these weeks are $900 and $1000, respectively.

38. Under the IWPCA, Defendants are obligated to pay Plaintiff wages earned not later than 13 days from the period they were earned.

39. Defendants have violated the IWPCA by failing to timely pay Plaintiff wages.

WHEREFORE, Plaintiff prays for the following relief:

a) A judgment in the amount $1,900 to compensate Plaintiff for unpaid wages;

b)      A judgement to Plaintiff of punitive damages, including statutory interest of 2% per month, as provided by IWPCA;

c)      A judgment to Plaintiff of reasonable attorney's fees and costs incurred in filing this action; and

d)      Such other and further relief as this Court deems appropriate and just.

## COUNT IV -- CIVIL REMEDY UNDER THE ILLINOIS DECEPTIVE BUISNESS PRACTICES ACT
### (720 ILCS 5/17-1)

40.      Plaintiff hereby alleges and incorporates Paragraph 1 through 39 of this Complaint, as is fully set forth herein.

41.      The Illinois Deceptive Business Practices Act provides a civil remedy for issuing a check to pay for labor "knowing that it will not be paid". *See* ILCS 5/17-1.

42.      Defendant delivered the $900 and $1000 checks to obtain the labor of Plaintiff.

43.      To compensate Plaintiff for labor, Defendant issued checks to Plaintiff that did not have sufficient funds.

44.      Plaintiff's counsel demanded payment in writing via certified and first class mail on September 19, 2017. Defendants responded to the letters by asking for the copies of the bounced checks, but has not made any payment.

45.      Defendant knew checks would not be honored.

46.      Defendant acted with intent to defraud.

47.      Corporate officers are individually liable under ILCS 5/17-1. *Id.*

WHEREFORE Plaintiff prays for the following relief:

a)      A judgment in favor of Plaintiff and against Defendant's joint and severally in the amount of $1,900 to Plaintiff, as well as;

b)    A judgement to Plaintiff of punitive damages, including statutory treble damages

available under 720 ILCS 5/17-1 for each bad check.

c)    A judgment to Plaintiff of reasonable attorney fees and costs incurred in the filing

of this action;

d)    Such other and further relief that this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint, including

the FLSA claims.

Dated November 9, 2017                                Respectfully Submitted,

                                                     By:/s/ David Fish
                                                     One of the Attorneys for the Plaintiff

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563
(630)355-7590
F☺630)778-0400